IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES BENNETT WALLER, JR.,      )
                                )
        Petitioner,              )
                                )
    v.                           )      1:14CV763
                                )
FRANK PERRY,                    )
                                )
        Respondent.              )

**ORDER**

This matter is before this court for review of the Recommendation filed on August 14, 2015, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 8.) In the Recommendation, the Magistrate Judge recommends that Respondent's Motion for Summary Judgment (Doc. 4) be granted and that Judgment be entered dismissing this action. The Recommendation was served on the parties to this action on August 17, 2015 (Doc. 9). Petitioner timely filed objections (Doc. 10) to the Recommendation. In his objections, Petitioner has requested an evidentiary hearing. However, Petitioner has not demonstrated good cause for an evidentiary hearing, and the court will deny Petitioner's request.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

In addition to the analysis contained in the Recommendation, this court adds the following to further explain why Petitioner's allegations are not sufficient to suggest the state court decision was unreasonable in denying relief on the issues related to an alleged alibi witness.

Petitioner testified at trial that he left the skating rink at 6:00, took the victim home, stopped by his parents' house, and then picked up his wife at 7:00. (Respondent's Supp. Br., Ex. 7 (Doc. 5-9) at 374-77.)[1] Petitioner's wife corroborated the fact that she got off work from the police department at 7:00

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

Case 1:14-cv-00763-WO-LPA   Document 11   Filed 09/30/15   Page 2 of 4

p.m., and Petitioner picked her up at that time. (Id. at 356-57.) Petitioner's testimony, therefore, was not based upon an alibi but instead that he did not commit the crime.

Petitioner now contends that counsel was ineffective for failing to interview Keenan Headen, an attorney who received haircuts from Petitioner and may, depending upon the records, have been Petitioner's customer at some point in time on the date of the offense. (See Objs. (Doc. 10) at 9; Petition, Aff. of Attorney Keenan Headen (Doc. 1-2) at 2-3.)

Petitioner's testimony is inconsistent with any such allegedly corroborating testimony which may have been offered by Headen. Petitioner's testimony, and therefore his defense, was that he was not home between 6 and approximately 7:00 p.m. on May 4, 2011, as the victim described in her testimony. As a result of Petitioner's sworn testimony, there is nothing to support a finding that Keenan Headen was the individual receiving a haircut as described by the victim. Contrary to Petitioner's affidavit, his testimony was that he was not home during the relevant time period. Petitioner has no inherent right to tell differing stories under oath in the hope that one will constitute a defense. Petitioner has failed to make a showing that the proffered evidence would have revealed an alibi or, more importantly, suggest that the state court's decision

- 3 -

Case 1:14-cv-00763-WO-LPA   Document 11   Filed 09/30/15   Page 3 of 4

was contrary to, or an unreasonable application of, existing federal law.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 8) is **ADOPTED**. **IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment (Doc. 4) is **GRANTED,** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) is **DISMISSED,** and that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED** for lack of good cause.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 30th day of September, 2015.

 _____
 United States District Judge